## Margaret Harroun, Appellee, v. T. E. Benton, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Williamson county; the Hon. BENJAMIN W. POPE, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 1, 1915.

### Statement of the Case.

Action by Margaret Harroun, plaintiff, against T. E. Benton, defendant, in the Circuit Court of Williamson ·county, to recover for personal injuries alleged to have been sustained as a result of the negligent operation of defendant's automobile. From a judgment for plaintiff for $700, defendant appeals.

The declaration was in six counts, in general, charging defendant with negligence in the operation of his automobile, and with driving such automobile at a speed in excess of twenty-five miles an hour, with failing to give warning of its approach, and with failing to stop when it was apparent that plaintiff's horse was frightened thereby. Defendant pleaded the general issue, and on a trial by jury plaintiff recovered a verdict.

It appeared that plaintiff and a Mrs. Sanders drove to the home of a Mrs. Newton, in a one-horse buggy,

for the purpose of buying some eggs. Just prior to the accident plaintiff and Mrs. Sanders were sitting in the buggy on the north side of the road in front of Mrs. Newton's house, talking to Mrs. Newton. The horse and buggy were facing west. While the women were talking Mrs. Newton stated to plaintiff and Mrs. Sanders that an automobile was crossing the bridge. It appeared that this bridge was about five or six hundred feet east of where the horse was standing.

It further appeared that plaintiff and Mrs. Sanders at once alighted and plaintiff went around to the horse's head, and taking hold of the bridle began leading the horse into a lot at Mrs. Newton's. Plaintiff testified that as soon as she heard that an automobile was coming, she and Mrs. Sanders at once got out, and she took hold of the horse's bridle; that the automobile was coming at a rate of speed estimated by her at from thirty to thirty-five miles per hour; that the horse at once became frightened, and began to kick and plunge and dragged her into the lot and circled around and finally threw her to the ground. Plaintiff's chief injury was to her knee, which she testified was still swollen and caused her pain at the time of the trial, some six months after the injury. Evidence for defendant tended to contradict plaintiff as to the speed at which the car was running at the time of the accident, and to show that the horse was inside the lot when the car passed, and did not become frightened until after the car passed.

DENISON & SPILLER, for appellant.

NEELY, GALLIMORE, COOK & POTTER, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1411*—*when verdict not disturbed.* Where the evidence is conflicting the verdict will not be disturbed on appeal unless on a careful reading of the evidence it can be said that the verdict is against its manifest weight.

2. APPEAL AND ERROR, § 1411*—*when verdict will not be set aside.* Where the evidence is conflicting a verdict will not be set aside if the facts and circumstances, by a fair and reasonable intendment, will warrant the verdict, although such verdict may appear to be against the strength and weight of the evidence.

3. TRIAL, § 153*—*what is province of jury regarding evidence.* It is the peculiar province of the jury to weigh evidence and to reconcile it if possible, or to decide the issues according to the weight of the evidence, if the evidence is irreconcilable.

4. AUTOMOBILES AND GARAGES, § 3*—*when instructions drawn on theory that law governing operation of automobiles inapplicable to team on private grounds properly refused.* In an action to recover for personal injuries alleged to have been sustained as a result of the alleged negligent operation of defendant's automobile, frightening plaintiff's horse and causing plaintiff to be thrown down and injured, where it appeared that at the time of the accident plaintiff's horse was in a private lot to which plaintiff had led it from the highway on the approach of the automobile, instructions requested by defendant drawn on the theory that the law governing the operation of automobiles on public highways did not apply to teams on private grounds, *held* properly refused.

5. INSTRUCTIONS, § 151*—*when requested instruction properly refused.* Requested instructions substantially covered by instructions already given are properly refused.

6. INSTRUCTIONS, § 96*—*how instructions on credibility of witnesses should be framed.* Instructions as to the credibility of witnesses should be general in character and should not call particular attention to any witness.

7. DAMAGES, § 127*—*when verdict not excessive.* In an action to recover for personal injuries, where it appeared that plaintiff sustained an injury to her knee as well as being otherwise bruised and injured, but where the evidence was conflicting as to the extent of plaintiff's injuries, a verdict for plaintiff for seven hundred dollars *held* not excessive, it appearing that at the time of the trial plaintiff was still suffering from the injuries, and was more or less disabled thereby.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.